UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| STEVE LEE YATES, ) | Case No. 07-20215-659 |
| ) | Judge Kathy A. Surratt-States |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| FREDRICH J. CRUSE, Chapter 7 Trustee ) | **Adversary No. 09-2005-659** |
| ) | |
| ) | PUBLISHED |
| Plaintiff, ) | |
| ) | |
| -v- ) | |
| ) | |
| STEVE LEE YATES, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## **AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The matter before the Court is First Amended Trustee's Complaint Objecting to Debtor's Discharge, Response to First Amended Trustee's Complaint Objecting to Debtor's Discharge and Plaintiff's Trial Brief. The matter was set for trial on February 18, 2010 and Plaintiff Fredrich J. Cruse, Chapter 7 Trustee was the only party who appeared in person and by counsel. The matter was taken as submitted. Upon consideration of the record as a whole, the Court issues the following **FINDINGS OF FACT**:

On July 12, 2007, Debtor Steve Lee Yates (hereinafter "Debtor"), filed a Bankruptcy Petition under Chapter 12 of the Bankruptcy Code. Plaintiff Fredrich J. Cruse was the appointed Chapter 12 Trustee (hereinafter "Chapter 12 Trustee"). Debtor stated in his Chapter 12 Schedule B that he had 110 cows, 60 calves and certain equipment.[1] On May 14, 2008, the case was converted to a Chapter 7 case. Plaintiff Fredrich J. Cruse was then appointed as the Chapter 7 Trustee

---

[1] Debtor claimed to own a Duetz Allis 385 6 row planter, a JD 216 Flex Head and a JD 6 Row Corn Head.

(hereinafter "Chapter 7 Trustee").  On May 29, 2008, Debtor filed his Chapter 7 Schedules and Statement of Financial Affairs (hereinafter "SOFA") under penalty of perjury.  In Debtor's Chapter 7 Schedule B, Debtor claimed to only have six (6) cows, zero (0) calves remaining, the equipment and four (4) horses.[2]

A Section 341 Meeting of Creditors was held on July 11, 2008 (hereinafter "July Meeting of Creditors") at which Debtor was present and stated under oath that his Schedules and SOFA were complete and accurate.  Debtor stated that his cattle count decreased because he sold some of the cows in and around February 28, 2008 for an undisclosed sum, sold 32 cows on March 8, 2008 for $18,000.00 and that he sold some calves in and around October 20, 2007 for an undisclosed sum.  Debtor did have authority to sell cattle under the Chapter 12 plan, however, the proceeds were to be turned over to the Chapter 12 Trustee.  Debtor stated that the $18,000.00 was instead placed in a safety deposit box at a Quincy, Illinois branch of Mercantile Bank.  Debtor claims that the unsold cows and calves died during the winter and that he buried the carcasses.  The Chapter 7 Trustee testified at trial that during the winter in the relevant part of Missouri, the earth freezes three (3) feet deep and therefore, either a backhoe or a front-end loader with hydraulics would be required to dig a sufficiently deep grave to bury cattle.  Debtor stated in a Meeting of Creditors held on October 8, 2008 (hereinafter "October Meeting of Creditors") that he used a scraper blade to dig the holes.  Debtor did not have a backhoe or a front-end loader with hydraulics.  Debtor has not revealed the location where he alleges the cattle were buried.

RCS Bank, a creditor in this case, claims a security interest in the equipment, cows and calves.  A representative from RCS Bank stated at the October Meeting of Creditors that he saw a few cow carcasses, but no where near the number that Debtor suggests.  At that same meeting, Debtor testified that the remaining six cows Debtor had when the case was converted were sold

---

[2]Debtor claimed to have always had horses however they were accidently omitted from his Chapter 12 Schedules.

2

by auction and the proceeds were turned over to RCS Bank.

As of May 2008, Debtor claimed to only have $600.00 left from the $18,000.00 in proceeds from the March 8, 2008 cattle sale.  Debtor claims to have used the $17,400.00 to pay bills and to buy grain.  Debtor has provided no proof of either payment of bills or purchase of grain.  Debtor also claims to have sold the four horses for $150.00 each but provided no accounting for said funds.  Debtor has also failed to account for the equipment.

In Debtor's Chapter 12 case, Debtor alleged to have over 72 acres of corn and over 40 acres of beans.  At the July Meeting of Creditors, Debtor claimed to have planted said corn and beans using left-over seeds from seed boxes from prior years.  Debtor's Chapter 7 Schedules reflected no crops, neither corn nor bean.  Debtor testified at the October Meeting of Creditors that he lost the crops because the cows ate them, Debtor could not afford fertilizer and there were too many weeds.  The Chapter 7 Trustee testified at trial that Alexandra Carpenter, Agronomy Specialist employed by the University of Missouri--Extension, examined Debtor's farm on behalf of the Chapter 7 Trustee and reported that there was no evidence that Debtor planted any crops in 2008 when Debtor claims to have planted them.  Ms. Carpenter also reported to the Chapter 7 Trustee that there were crops from prior years that were never harvested.  Debtor has not provided any record of harvest from prior years.

On March 17, 2008, the Court entered an Agreed Order directing the Debtor to provide the Chapter 12 Trustee and an attorney for RCS Bank with documentation of the sale of any cattle within ten days of any such sale and to provide the same with documentation of the sale of any cattle since Debtor's bankruptcy filing in July 2007.[3]  Debtor was also required to provide the Chapter 12 Trustee with monthly farm reports.  Debtor did not provide any sale records for any of the cattle.  Debtor provided the Chapter 12 Trustee with a few quarterly reports but did not provide

---

[3] Agreed Order, March 17, 2008.

3

any monthly farm reports.  Debtor did state at the July Meeting of Creditors that when Debtor moved, anything in unmarked boxes was likely placed in a "burn pile" and Debtor cannot recall whether his farming records were placed in marked boxes.  On January 14, 2010, the Chapter 7 Trustee served Plaintiff's First Request for Admissions Directed to Defendant Steve Lee Yates ("Request for Admissions") to which Debtor never responded.

The Chapter 7 Trustee argues that Debtor is not entitled to a discharge under 11 U.S.C. § 727(a)(2), (3), (4), (5) and (6).  The Chapter 7 Trustee argues that Debtor has intentionally transferred, removed, destroyed, mutilated and/or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed, the cattle and equipment with the intent to hinder, delay and/or defraud a creditor.  The Chapter 7 Trustee also argues that Debtor has intentionally withheld or destroyed records of Debtor's financial position as well as records concerning the cattle sales, cattle inventory and equipment.  The Chapter 7 Trustee further argues that Debtor made false oaths at the July Meeting of Creditors, the October Meeting of Creditors, in the SOFA and in the Schedules and that Debtor has failed to adequately explain the loss and deficiency of assets.  Finally, the Chapter 7 Trustee argues that Debtor has failed to obey the Court's Order regarding turning over any funds to the Chapter 12 Trustee for proper distribution to creditors.  The Chapter 7 Trustee also requests attorney's fees in the amount of $1,000.00 in connection with this matter.

## **JURISDICTION**

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334 (2007) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J) (2007). Venue is proper in this District under 28 U.S.C. § 1409(a) (2007).

4

## **CONCLUSIONS OF LAW**

The matter before the Court is whether Debtor is entitled to obtain a discharge under Section 727. Denial of a debtor's discharge is a harsh penalty and as such, Section 727 is to be strictly construed in favor of the debtor. *In re Korte,* 262 B.R. 464, 471 (B.A.P. 8th Cir. 2001) *(*citations omitted*).* The objecting party must prove each element of a Section 727 objection to discharge by a preponderance of the evidence. *In re Sendecky,* 283 B.R. 760, 763 (B.A.P. 8th Cir. 2002) (citations omitted). The Chapter 7 Trustee argues that Debtor is not entitled to a discharge under five separate grounds: Section 727(a)(2), (3), (4), (5) and (6). For the reasons stated below, the Court finds that the Chapter 7 Trustee has met his burden of proof on all five grounds.

The Chapter 7 Trustee served a Request for Admissions on the Debtor pursuant to Rule 36(a)(1) of the Federal Rules of Civil Procedure, made applicable to Bankruptcy Proceedings by Rule 7036 of the Federal Rules of Bankruptcy Procedure. Debtor did not respond to the Chapter 7 Trustee's Request for Admissions. "Unanswered requests for admissions render the matter requested conclusively established...". *Luick v. Graybar Elec. Co., Inc.* 473 F.2d 1360, 1361-2 (8th Cir. 1973). All requested admissions in the Chapter 7 Trustee's Request for Admissions are deemed admitted by Debtor.

**Count I: Section 727(a)(2)(B)**

Section 727(a)(2)(B) states that a discharge shall not be granted if

> [d]ebtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property...has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the estate, after the date of filing of the petition.

11 U.S.C. § 727(a)(2)(B) (2007).

Debtor had 110 cows, 60 calves, four horses and several pieces of equipment at the time of Debtor's Chapter 12 filing. Debtor sold cows, calves and horses during both the Chapter 12 and Chapter 7 cases. Debtor admits to receiving approximately $18,000.00 from cattle sales of which

5

Debtor did not turnover to the Chapter 12 Trustee or to RCS Bank. Debtor stated at the October Meeting of Creditors that only $600.00 of said funds remained. Debtor has not provided any information on the whereabouts or the status of the equipment.

Debtor has also claimed that over half of the cows and calves died. A representative of RCS Bank stated at the October Meeting of Creditors that he saw a few cow carcasses. A few can hardly be likened to a mass death. Moreover, Debtor claims to have buried all the dead carcasses in graves dug during the winter, however, Debtor has not revealed the location of said graves. The Chapter 7 Trustee's testimony about the improbability of Debtor's ability to dig said graves with a scraper blade is duly noted. Debtor's tale of events have escaped the realm of the implausible and have entered fiction. The Chapter 7 Trustee has met his burden for a denial of discharge pursuant to Section 727(a)(2)(B).

**Count II: Section 727(a)(3)**

Section 727(a)(3) states that a discharge shall not be granted if

> [d]ebtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

11 U.S.C. § 727(a)(3) (2007).

Debtor has failed to turn over records concerning Debtor's farming operation. Debtor has also failed to provide any records concerning any of the cattle sales. Debtor has provided some quarterly reports however said quarterly reports were insufficient to ascertain Debtor's financial condition. Debtor further failed to preserve farming reports which would evidence Debtor's potential assets. Debtor merely stated that it was possible that some documents were destroyed. The record speaks for itself.

The burden now shifts to Debtor to prove that his actions or inactions were justified under

6

the circumstances. *Sendecky,* 283 B.R. at 764 (where the Court overruled trustee's objection and granted debtor a discharge because debtor's failure to keep adequate records was a result of debtor's poor education, lack of business experience and modest business size). In failing to respond to the Chapter 7 Trustee or to provide this Court with any information or evidence, Debtor has not rebutted the Chapter 7 Trustee's evidence nor has Debtor provided the Court with any justification for Debtor's actions. The Chapter 7 Trustee has met his burden for a denial of discharge pursuant to Section 727(a)(3).

**Count III: Section 727(a)(4)(A)**

Section 727(a)(4)(A) states that a discharge shall not be granted if "[d]ebtor knowingly and fraudulently, in or in connection with the case, made a false oath or account." 11 U.S.C. § 727(a)(4)(A) (2007). As previously stated, the Chapter 7 Trustee has proven beyond a preponderance of the evidence that Debtor made several false oaths and accounts during the July Meeting of Creditors, the October Meeting of Creditors and in the SOFA and Schedules. Debtor claimed to have planted bean and corn, and to possess bean and corn crops in Debtor's Chapter 12 Schedules, however, examination of Debtor's farm revealed that no such crops were planted when Debtor claimed to have planted them. The Chapter 7 Trustee has met his burden of proof as to Section 727(a)(4)(A).

**Count IV: Section 727(a)(4)(D)**

Section 727(a)(4)(D) provides that a discharge shall not be granted if "[d]ebtor knowingly and fraudulently, in or in connection with the case, withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs." 11 U.S.C. § 727(a)(4)(D) (2007). Debtor has not turned over any receipts for cattle sales or the monthly farming reports which the Court ordered that Debtor provide to the Chapter 12 Trustee. Debtor only states that some records and reports may have been destroyed. Debtor has also failed to provide any receipts to validate

7

what Debtor did with $17,400.00 of the $18,000.00 he obtained from the March 8, 2008 cattle sale. As previously stated, the Chapter 7 Trustee has proven beyond a preponderance of the evidence that Debtor has withheld financial documents and/or has failed to keep financial documents and/or has destroyed or intentionally caused to be destroyed certain financial documents which should have been provided to the Chapter 12 Trustee, an officer of the estate entitled to such documents. The Chapter 7 Trustee has met his burden of proof as to Section 727(a)(4)(D).

**Count V: Section 727(a)(5)**

Section 727(a)(5) provides that a discharge shall not be granted if "[d]ebtor has failed to explain satisfactorily, before determination of denial of discharge... any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5) (2007). This Court is wholly unpersuaded by Debtor's Meeting of Creditors testimony that over 100 of Debtor's 170 cattle died between July of 2007 and July of 2008. Debtor has withheld the location where he buried the cattle. Further, Debtor has not provided any information as to the whereabouts or the condition of the equipment. The Chapter 7 Trustee has met his burden for a denial of discharge under Section 727(a)(5).

**Count VI: Section 727(a)(6)(A)**

Section 727(a)(6)(A) provides that a discharge shall not be granted if "[d]ebtor has refused to obey any lawful order of the court, other than an order to respond to a material question or to testify." 11 U.S.C. § 727(a)(6)(A) (2007). On March 17, 2008, the Court entered an Agreed Order directing Debtor to furnish the Chapter 12 Trustee and an attorney for RCS Bank with documentation of the sale of any cattle within ten days of any such sale and to provide the same with documentation of the sale of any cattle since Debtor's bankruptcy filing in July 2007. The Agreed Order also instructed Debtor to provide monthly farm reports to the then Chapter 12 Trustee. Debtor failed to do all of the above. Therefore, Debtor refused to obey a lawful Order of this Court. Pursuant to Section 727(a)(6)(A), Debtor is not entitled to a discharge.

The Court further concludes that the Chapter 7 Trustee has incurred reasonable attorney's fees in connection with this matter in the amount of $1,000.00.  The Chapter 7 Trustee is entitled to be compensated for his fees.  For all the of the reasons set forth, Debtor shall not be granted a discharge.  By separate order, judgment shall be entered accordingly.

*/s/ Kathy A. Surratt-States*

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED:  May 20, 2010
St. Louis, Missouri


Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Fredrich J. Cruse
718 Broadway
P.O. Box 914
Hannibal, MO 63401

Edward J. Karfeld
611 Olive St., Ste. 1640
St. Louis, MO 63101

Steve Yates
P O Box 38
Monroe City, MO 63456